**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 03-cr-18-P-S |
| RODERICK ALLEN, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF ORDER ON MOTION FOR SENTENCE REDUCTION**

This Memorandum provides the Court's written explanation for its decision to GRANT Defendant's Motion to Reduce Sentence (Docket # 624) and thereby reduce his term of imprisonment to 65 months or time served as of May 2, 2008, whichever is greater.

Defendant Roderick Allen was sentenced by this Court on December 7, 2004 to a term of imprisonment of 80 months. The Court arrived at this term of imprisonment by taking a 30 percent reduction from 115 months. 115 months was in the lower half of the applicable guideline range, which the Court had determined to be 108 to 135 months. The Guideline range was dictated by the determination that the Defendant has an adjusted offense level of 31 and a Criminal History Category of I. The Government did not challenge these calculations. In fact, the Government recommended that the Court take a 30 percent departure off of 108 months, the lowest end of the Guideline range. (See Dec. 7, 2004 Tr. (Docket # 521) at 29 & 40.) The Government did not appeal the sentence

imposed and the Defendant's own appeal was later voluntarily dismissed before the First Circuit issued any decision.

Retroactive application of the recently amended Guidelines pertaining to crack cocaine result in an adjusted offense level of 29 and thereby lower Defendant's amended guideline range to 87 to 108 months. Nonetheless, the Government argues and the Probation report indicates that application of USSG § 5G1.1 would require that amended range to be modified to reflect the 120-month statutory mandatory minimum. Defendant argues that the Court should follow its prior reasoning and rulings and take a 30 percent reduction from the 92 month mark.

At sentencing in this case, the Court would have been bound by the 120-month statutory mandatory minimum absent the application of 18 U.S.C. § 3553(e). However, § 3553(e) provided (and continues to provide) the Court with statutory authority to sentence below 120 months in accordance with the Sentencing Guidelines. In multiple other cases in which the statutory mandatory minimum was used to set the floor for a departure, this Court has summarily denied requests for sentence reductions based on the newly revised USSG § 1B1.10. See, e.g., March 12, 2008 Order in United States v. Darcy Mowry (2-03-cr-16); March 20, 2008 Order in United States v. Bobby Lee Hughes (2-01-cr-108); April 22, 2008 Order in United States v. Michael Ayer (2-05-cr-11). However, the statutory mandatory minimum was not so utilized in this case and, to the extent that was an error, the Government waived its objection both at sentencing and by not appealing the sentence imposed at that time. This important difference in the fact pattern of this case makes the cases cited in the Government's Response inapposite.

With respect to reduction in term of imprisonment as a result of an amended guideline range, the Guidelines state, in relevant part: "In making [a sentence reduction] determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that *were applied when the defendant was sentenced* and shall leave all other guideline application decisions unaffected." USSG § 1B1.10 (b)(1) (emphasis added). This provision makes clear that a sentence reduction proceeding prompted by a retroactive amendment cannot be used to correct other Guideline application decisions made at the sentencing. In other words, to the extent either party chose not to appeal an erroneous application of other portions of the Guidelines, they remain bound by that application.

Under the unique facts presented by this case,[1] the Court believes the Government remains bound by its concession to allow the use of the 115-month mark (a point below the statutory mandatory minimum) as the starting point for determining the departure. Essentially, this was a concession to not apply USSG § 5G1.1. In the Court's assessment, to hold otherwise would require allowing both the Government and the Defendant to reexamine and reargue erroneous Guideline applications despite the failure to mount any appeal to those errors.[2] The Court believes that this would open a Pandora's box.

Taking into account all of the directives found in 18 U.S.C. §§ 3582(c) & 3553(a) as well as the applicable Guidelines, the Court will reduce the Defendant's sentence to 65

---

[1] The Court notes that this case is in fact similar to the case of Co-Defendant Raymond Woodburn. The Court has utilized the same reasoning in its Order reducing Woodburn's sentence. (See Docket #s 667 & 668.)

[2] As noted in the Probation reports, there is the potential for application of a Safety Valve reduction based on the record. Thus, if the Court were to allow the Government to belatedly argue for the application of USSG § 5G1.1, in the interest of fairness it would also belatedly consider application of USSG § 5C1.2 & 18 U.S.C. § 3553(f) .

months or time served as of May 2, 2008, which reflects "a reduction comparably less than the amended guideline range" while leaving all other guideline application decisions unaffected.  USSG § 1B1.10(b)(2)(B).  In making this decision to further reduce the Defendant's sentence, the Court has considered both public safety considerations and post-sentencing conduct.

The Court also notes that it has considered the Bureau of Prisons' request for a ten day delay in sentences that may require the Bureau of Prisons to take immediate steps toward releasing the Defendant.  (See Feb. 13, 2008 letter from Director Lappin to Hon. Julie E. Carnes.)  In this case, the Court's Order will be made effective as of May 2, 2008 in order to provide the Bureau of Prisons time to process the Court's Order and allow for some planning of the Defendant's transition to supervised release.

SO ORDERED.

    /s/ George Z. Singal
   Chief U.S. District Judge

Dated this 24th day of April, 2008.